**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAIGE POOLE, | ) |
|           Plaintiff, | ) 2:12-cv-00647-MMD-VCF |
| vs. | ) **O R D E R** |
| CENTENNIAL IMPORTS, INC, | ) (Stipulated Protective Order #23) |
|           Defendant. | ) |

      Before the court is the parties' Stipulated Protective Order (#23) which the court approves, with the exception of portions of Paragraph 6. This order also reminds counsel that there is a presumption of public access to judicial files and records. Portions of Paragraph 6 of the parties' proposed stipulation (#23) were not approved and were deleted by the court. The deleted portion of Paragraph 6 stated that "[u]pon being given leave of court, the confidential data shall be filed in a sealed envelope or other appropriately sealed container on which shall be recorded the title of this action, the word "Confidential" and a statement substantially in the following form:

> This envelope or container filed in this case by _____ is not to be opened, or the contents thereof revealed, except by prior order of the court."

(#23).

      This language is inconsistent with the rules of this court. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or

enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

While the remaining language in Paragraph 6 is *not* inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) regarding filing confidential documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties must adhere to those directives as set forth below.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1.  Deleted portions of Paragraph 6 of the parties' Stipulated Protective Order (#23) are **NOT APPROVED**.

2. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Protective Order (#23), as modified and signed by the court, is **APPROVED.**

Dated this 14th day of March, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

Pamela A. McKay (SBN 7812)
**McKAY LAW FIRM, Chtd.**
3295 N. Fort Apache Road, Suite 150
Las Vegas, NV 89129
Phone: 702-835-6956
Fax: 702- 835-6957
pmckay@mckaylawfirmchtd.com

Attorneys for Defendant
CENTENNIAL IMPORTS, INC. d/b/a
CENTENNIAL MAZDA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAIGE POOLE<br><br>  Plaintiff,<br><br>vs.<br><br>CENTENNIAL IMPORTS, INC. d/b/a<br>CENTENNIAL MAZDA<br><br>  Defendants. | CASE NO. 2:12-cv-00647-MMD-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

**<u>STIPULATED PROTECTIVE ORDER</u>**

Plaintiff PAIGE POOLE and defendant CENTENNTIAL IMPORTS, INC. d/b/a CENTENNIAL MAZDA (hereafter collectively referred to as "the Parties"), by and through their respective counsel of record, hereby stipulate and request the Court issue an Order protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matter as follows:

The Parties acknowledge that during the course of this action, documents and/or information considered confidential by at least one of the Parties may be produced, including, but not limited to: (1) the production of information or documents proprietary or confidential as to plaintiff PAIGE POOLE and/or defendant CENTENNTIAL IMPORTS, INC. d/b/a CENTENNIAL MAZDA (hereafter referred to as "CENTENNIAL"), including, without limitation, CENTENNIAL's corporate business, managers, members, employees, and third-

1

party administrators; (2) similar information of Parties hereto; and (3) other potentially "private" information concerning or belonging to non-parties to the present litigation.

**Therefore, the following is hereby stipulated by and between all parties:**

1. If any person or entity, whether or not a party to the instant action, produces answers to interrogatories, or documents or other things which it considers constitutes Confidential Information as defined above; or

2. There is deposition testimony which a person or entity, whether or not a party to the instant action, believes contains Confidential Information; or

3. Third parties produce information which they assert is confidential, the following procedure shall govern pursuant to F.R.C.P. 26 (c) et. seq.:

    A.  Any documents (and the contents thereof), things or information falling within the definitions set forth in Paragraph I immediately following that are produced may be designated and marked, in whole or in part, "Confidential" by the party producing the documents or information at the time the documents are delivered to or made available for inspection by any party.

        I.  "Confidential Information" is defined herein as (a) employment records of any employees or former employees of any party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) the production of information or documents proprietary to, including by way of example and not limitation, tax records, financial statements, the identity of customers and suppliers; and (e) other private information of non-parties to the present litigation; (f) financial records and business records of any person or entity; and (g) every aspect of all proprietary business information.

    B.  If a party produces to another party items that contain Confidential Information as defined above, that party may designate one or more documents, or a portion of a document, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the word **"Confidential"** on the document at the time it is produced to the receiving party's counsel.

    C.  Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of

that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the transcript or the portion thereof containing the "Confidential" testimony.

D. In addition, documents or items produced by one party may be designated "Confidential" by the other party by marking the document, in whole or in part, "Confidential" in the same manner and by then forwarding a copy of the marked document back to the producing party.

E. If the documents or items at issue have been numbered by the producing party, the party seeking the designation may also designate by number each document it believes should be "Confidential".

F. If the receiving party has no objection to the "Confidential" designation, the receiving party may either expressly notify the producing party or allow the ten calendar-day objection period (set forth below) to lapse. Where there has been no written objection made, once a document or item has been produced and designated as provided herein to the receiving party, the document or item shall be treated as "Confidential", respectively, pursuant to this Stipulated Protective Order, until further order of the Court.

4. The following protocol shall apply in the event of an objection to a designation of "Confidential":

A. If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds for the objection within ten calendar days from the date the designation was made or the document(s)/item(s) received, whichever is later, and the procedure in Subparagraph B, *infra*, shall apply.

B. If the parties do not agree that the documents, information or testimony should be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring. If a resolution does not occur, either party may file a motion with the Court to resolve the dispute. Such motion must be filed within 30 calendar days of receipt of the written objection to the designation. If an objection has been raised, the documents, testimony and/or information at issue shall be governed by Paragraphs 3 A through F, inclusive, of this Stipulated Protective Order, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the court resolving the dispute. In the event of such motion, the parties having entered into this Stipulation and the existence of the Court's Order entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this Stipulated Protective Order not been entered.

3

     5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this Stipulated Protective Order shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former employees of the parties, persons requested by counsel for any party to furnish technical or expert service or to give expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for the trial of this action). However, each such person to whom a party makes such disclosure shall read this Stipulated Protective Order and acknowledge <u>in writing</u> that he/she is fully familiar with the terms hereof and agrees to comply with, and be bound by, this Stipulated Protective Order until modified by either further order of the Court or agreement of all the affected parties.

     6, Any "Confidential" documents, testimony, or information to be filed with this Court or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material may not be filed without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. ~~Upon being given leave of court, the confidential data shall be filed in a sealed envelope or other appropriately sealed container on which shall be recorded the title of this action, the word "Confidential" and a statement substantially in the following form:~~

          ~~"This envelope or container filed in this case by _____ is not to be opened, or the contents thereof revealed, except by prior order of the court."~~

     NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized.

     If application for leave of court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of court was denied, from complying with this stipulation in relation to that filing.

///

7. Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' Stipulated Protective Order is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action.

8. Within 45 calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential". Notwithstanding any other language contained in this Order, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work-product doctrine. **All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this Order.**

9. This Stipulated Protective Order may be amended without prior leave of the Court by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Nothing herein shall be construed so as to prevent any party from seeking relief from this Order at any time.

10. To the extent that the identity of any employee (including independent contractors), customer or supplier of any party or any non-party is disclosed or identified in any data produced in this case and such data is designed as confidential as provided above, no party (including counsel and experts) to this case shall make contact with such employee (including independent contractors), customer or supplier without the prior specific consent of the party who produced

the data in which such person or entity has been identified.

11. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this Stipulated Protective Order.

DATED: March 13, 2013                    DATED: March 8, 2013

McKAY LAW FIRM, CHTD.                    LAW OFFICES OF MICHAEL P. BALABAN

By: *Pamela McKay*                       By: *[signature]*

PAMELA A. McKAY (SBN 7812)               MICHAEL P. BALABAN (SBN 9370)
3295 N. Fort Apache Road, Suite 150      10726 Del Rudini Street
Las Vegas, NV 89129                      Las Vegas, NV 89141-4216
T: (702) 835-6956                        T: (702) 586-2964
F: (702) 835-6957                        F: (702) 586-3023

Attorneys for Defendant                  Attorneys for Plaintiff
CENTENNIAL IMPORTS, INC. d/b/a           PAIGE POOLE
CENTENNIAL MAZDA

## ORDER

IT IS SO ORDERED.

DATED this 14th day of March, 2013

*[signature]*

Honorable Cam Ferenbach
United States Magistrate Judge