# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| PAIGE POOLE | 2:12-cv-00647-APG -VCF |
| Plaintiff, | **ORDER** |
| vs. | (Motion to Compel Production of Documents #29) |
| CENTENNIAL IMPORTS, INC. d/b/a/ CENTENNIAL MAZDA, a Nevada Corporation, | |
| Defendant. | |

Before the Court is Plaintiff Paige Poole's Motion to Compel Production of Documents (#29). Defendant Centennial Imports, Inc. d/b/a Centennial Mazda, a Nevada Corporation filed an Opposition (#31), and Plaintiff Poole filed a Reply (#32).

**I.   Background**

Plaintiff Poole commenced this action on April 17, 2012, in the United States District Court, District of Nevada based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (#1). Plaintiff Poole alleges in his complaint that, pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA"), "Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights" by failing "to accommodate Plaintiff's disability," and by terminating him "due to his disability or being regarded as having a disability." *Id.* Plaintiff Poole further states that the actions of Defendant Centennial Imports, Inc. d/b/a Centennial Mazda, a Nevada Corporation (hereinafter "Centennial") have caused Plaintiff Poole to suffer, *inter alia*, "indignity, mental anguish, humiliation. . . loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time," and is seeking damages for "overall economic losses in earnings,"

"compensatory damages for mental and emotional distress," as well as "punitive damages," "attorney's fees and costs." *Id*.

On May 9, 2012, Defendant Centennial filed a Stipulation for Extension of Time to file an Answer to Plaintiff Poole's Complaint (#1). (#6). On May 10, 2012, the Court signed the parties' Stipulation and set the deadline to file the answer for May 24, 2012. (#7). On May 24, 2012, Defendant Centennial filed its Answer to Plaintiff Poole's Complaint (#1), asserting that it "is without knowledge or information sufficient to form a belief as to the truth or falsity" of Plaintiff Poole's Complaint (#1), and raising fourteen affirmative defenses. (#9). On June 8, 2012, the Court signed the parties' Discovery Plan and Scheduling Order, setting the deadline for discovery on November 20, 2012, dispositive Motions on December 20, 2012, and a Proposed Joint Pretrial Order on January 19, 2013. (#12).

An Early Neutral Evaluation Conference was held on July 2, 2012, but no settlement was reached and the action was returned to the normal litigation track. (#16). On October 29, 2012, Plaintiff Poole filed a Stipulation for Extension of Time (First Request) to Amend Discovery Plan and Scheduling Order (#18), and on the same day, the Court granted the Stipulation (#18), extending the deadline for discovery to February 12, 2013, dispositive Motions to March 14, 2013, and a Proposed Joint Pretrail Order to April 15, 2013. (#19). On January 21, 2013, Plaintiff Poole filed a Stipulation for Extension of Time (Second Request) to Amend Discovery Plan and Scheduling Order. (#21). On January 22, 2013, the Court granted the Stipulation (#21), extending the deadline for discovery to May 13, 2013, dispositive Motions to June 12, 2013, and a Proposed Joint Pretrial Order to July 12, 2013. (#22).

On March 13, 2013, Defendant Centennial filed a Stipulation for Protective Order to regulate the discovery of "certain [confidential] records and information as may be produced." (#23). On March 14, 2013, the Court granted a modified version of the Stipulation (#23) that removed portions of Paragraph

6 from the document (#23) so as to comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) with respect to any documents filed under seal or used at trial. (#24).

On June 3, 2013, Plaintiff Poole filed the present Motion to Compel. (#29). On June 12, 2013, Defendant Centennial filed a Motion for Summary Judgment against Plaintiff Poole. (#30). On June 20, 2013, Defendant Centennial filed a Response in opposition to Plaintiff's Motion to Compel (#29). (#31). On June 26, 2013, Plaintiff Poole filed a Reply to Defendant Centennial's Response (#31). (#32). On July 6, 2013, Plaintiff Poole filed a Response in opposition to Defendant Centennial's Motion for Summary Judgment (#30). (#33).

## II.     Motion to Compel (#29)

### A.     Plaintiff's Argument

Plaintiff Poole argues that Defendant Centennial "objected to" and "refused to allow production or produce any documents" in connection with "a second set of production requests" propounded by Plaintiff relating to "Defendant's employee count" in "determining whether an 'integrated enterprise' exists" for purposes of the Ninth Circuit's reading of Title VII and the ADA. (#29). Plaintiff Poole stresses that "ADA and Title VII claims are subjected to damage caps for compensatory and punitive damages," and therefore "it is critical to Plaintiff's claim to know how many employees are employed by Defendant" because there is a "500 employee threshold need[ed] to qualify for maximum compensatory and punitive damages." *Id*; (#32).

Citing Rule 26, Plaintiff Poole affirms that his discovery request "is not a 'fishing expedition,'" and that "there is clearly some evidence in the case thus far" that warrants discovery "in the form of the documents requested to determine" whether Defendant Centennial is part of an "integrated enterprise." (#32). Specifically, Plaintiff Poole is looking for evidence of Defendant Centennial's "interrelation of operations; centralized control of labor operations; common management; and common ownership or

financial control" with other "automobile dealerships in the Las Vegas area" so as to satisfy the Ninth Circuit's definition of an "integrated enterprise." *Id.*; *See Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211 (9th Cir. 1989). Plaintiff Poole stresses that Defendant Centennial "should not be able to dictate what they do produce and what they do not produce," particularly when "[t]he documents requested would clearly show that there is evidence of an integrated enterprise" or not, and that even if the discovery requests include sensitive business documents, a "protective order is already in place" to protect Defendant Centennial from public exposure. *Id.*

### B. Defendant's Argument

Defendant Centennial argues that Plaintiff Poole has failed to meet and confer, pursuant to Rule 37 of the Federal Rules, and failed to satisfy the "personal consultation requirement" of Local Rule 26-7(b). (#31). Defendant asserts that "Plaintiff's counsel [has failed] to submit a certification that he actually and personally contacted [Defendant Centennial]'s counsel regarding the discovery requests," and has thus not met the standard established by *Shuffle Master, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), which requires Plaintiff to "personally discuss the objections" with Defendant and to have "a 'frank' discussion regarding the discovery to obviate filing the motion." *Id.* Defendant Centennial also stresses that Plaintiff Poole has failed to comply with LR 26-7(a) by attaching "the discovery and [Defendant Centennial]'s responses. . . as exhibits to a declaration," rather than setting forth "in full the text of the discovery originally sought" in the motion itself. *Id.*

Defendant Centennial also challenges the substantive merit of Plaintiff Poole's "integrated enterprise" claim and contends that Plaintiff's discovery request in pursuit of that claim is not relevant for purposes of the Federal Rules. *Id.* Defendant Centennial states that "[t]here is no factual or legal argument provided why good cause exists to look into the financial and corporate records of other dealerships" and that Plaintiff Poole already "has the information needed to confirm there is no 'integrated enterprise'. . . [b]ased on the discovery obtained to date." *Id.* Considerable effort is spent by

Defendant Centennial to disprove each element of Plaintiff's "integrated enterprise" claim by citing caselaw from federal circuits as diverse as the Fifth, Eighth, and Tenth Circuits alongside the Ninth. *Id.* Defendant Centennial asserts that, under the great weight of authority among the many federal Circuits, "Plaintiff fails to meet his burden. . . to establish good cause for the intrusive document production" of his discovery request. *Id.*

### C. Discussion

The purpose of discovery as allowed by the Federal Rules of Civil Procedure is to provide the parties with a panoply of devices that serve "to narrow and clarify the basic issues between the parties" and to "ascertain[] the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). While the Rules at one time had been read so as to encourage "fishing expeditions," *see Hickman*, 329 U.S. at 507, the Advisory Committee, in the 2000 Amendment to Rule 26(b)(1), narrowed the scope of discovery to "material relevant to the parties' claims or defenses," emphasizing that the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26.

Despite these changes, "most courts which have addressed the issue find that the Amendments to Rule 26 still contemplate liberal discovery, and that relevancy under Rule 26 is extremely broad." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006) (citations omitted). The semantic differences between the previous iteration of Rule 26 and its amended successor should not supersede the greater purpose of discovery; "[t]hus, counsel should be forewarned against taking an overly rigid view of the narrowed scope of discovery." *Thompson v. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 172 (D. Md. 2001).

When a party files a Motion to Compel, the Court engages in a balancing test to determine whether "the burdens of the requests outweigh[] their potential benefits" by considering (1) the "relevancy" of the moving party's discovery requests within the scope of Rule 26, and (2) the responding

party's objections, if they are "clearly articulated" to show why discovery should not be allowed. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (1975); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 1:10-CV-00148 LJO, 2011 WL 2518948 (E.D. Cal. June 23, 2011).

To properly bring a Motion to Compel, the moving party must include "a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party," and "accurately and specifically" detail how the parties have "attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170. The certification must "include more than a cursory recitation that counsel have been 'unable to resolve the matter.'" *Id.* at 171. The moving party must also provide "in full the text of the discovery originally sought and the response thereto, if any." LR 26-7(a).

The Ninth Circuit applies a four-part factual test to identify if a business is part of an "integrated enterprise." *See Childs v. Local 18, Int'l Brotherhood of Electrical Workers*, 719 F.2d 1379, 1382 (9th Cir.1983); *see also Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (Whether two employers are engaged in an integrated enterprise for purposes of Title VII is a fact intensive determination). "Under this four-part test, two entities are considered as one integrated enterprise if they have (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." *Feldman v. Buddy Boy, Inc.*, 2:10-CV-01195-KJD, 2011 WL 2149533 (D. Nev. June 1, 2011) aff'd, 491 F. App'x 856 (9th Cir. 2012).

Whether or not Defendant Centennial is part of an "integrated enterprise" is a question of fact. *See Childs*, 719 F.2d at 1382. Despite Defendant Centennial's arguments to the contrary, such facts are certainly "relevant" under the "extremely broad" scope of Rule 26. *See* Fed. R. Civ. P. 26; *Caesars Entm't, Inc.*, 237 F.R.D. at 431. If properly requested, Plaintiff Poole is entitled to discover any facts necessary to "narrow and clarify" his claims, including financial documents from Defendant or any other organization that may prove that an "integrated enterprise" exists. *See Hickman*, 329 U.S. at 501.

Any concerns regarding sensitive information requested during discovery may be assuaged by a protective order from the Court limiting the use of certain discoverable materials. Because the Court has already granted the parties' Stipulation for Protective Order, *see* (#24), any documents can be deemed confidential, thus there should be little concern as to Plaintiff Poole's "intrusive" document requests. The Court recognizes that Plaintiff has a legitimate need to determine through discovery whether or not Defendant Centennial is part of an "integrated enterprise."

Although Plaintiff Poole has a valid justification to seek discovery, the Court agrees with Defendant Centennial that Plaintiff Poole has neither properly met and conferred with Defendant, pursuant to Rule 37, nor complied with the requirements of Local Rule 26-7. *See* FED. R. CIV. P. 37; LR 26-7. It has long been recognized that this district follows the standard established by *Shuffle Master* in determining whether parties have undertaken a good faith effort to resolve their discovery disputes before bringing the matter before the Court through a Motion to Compel. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999); *W. v. Recontrust Co.*, 2:10-CV-01950-GMN, 2011 WL 4827627 (D. Nev. Oct. 7, 2011); *Kwasniewski v. Sanofi-Aventis U.S. LLC*, 2:12-CV-00515-GMN, 2013 WL 1628610 (D. Nev. Apr. 16, 2013). In the present action, the parties have not satisfied this standard. Prior to Plaintiff Poole submitting the present Motion to Compel (#29), the totality of the parties' communication regarding their discovery dispute was two written letters. *See* (#29-6). Even if the parties fail to resolve their objections after a good faith, personal, meet and confer (in person or telephonic), such efforts must be made before a party can submit a Motion to Compel to the Court. Plaintiff Poole has also failed to adhere to Local Rule 26-7, requiring "in full the text of the discovery originally sought and the response thereto, if any" in the Motion itself. *See* LR 26-7.

The Federal Rules aspire to administer "the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It is in the interest of the parties to seek the efficient resolution of their disputes without the need for Court intervention. For this reason, courts are particularly strict in their

reading and enforcement of the meet and confer requirement. *See Shuffle Master*, 170 F.R.D. at 170. The Court therefore denies Plaintiff Poole's Motion to Compel (#29), without prejudice, and expects the parties to meet in good faith to attempt to resolve their discovery disputes. Any party who attempts to obfuscate the other party's efforts to comply with this Order will be subject to sanctions by this Court. Because the deadline for discovery has already passed, *see* (#22), the Court will reopen discovery only with regard to Plaintiff Poole's "integrated enterprise" assertion for sixty (60) days from the signing of this Order.

Accordingly and for good cause shown,

IT IS ORDERED that Plaintiff Paige Poole's Motion to Compel Production of Documents (#29) is DENIED, without prejudice.

IT IS FURTHER ORDERED:

1. The parties must meet and confer in good faith to attempt to resolve their discovery disputes. Any party who attempts obfuscate the other party's efforts to comply with this order will be subject to sanctions by this Court.

2. Discovery only with regard to Plaintiff Poole's "integrated enterprise" assertion will be reopened until September 23, 2013.

DATED this 23nd day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE