UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAIGE POOLE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CENTENNIAL IMPORTS, INC., d/b/a<br>CENTENNIAL MAZDA,<br><br>　　　　Defendant. | Case No. 2:12-cv-00647-APG-VCF<br><br>Order Denying Defendant's Motion<br>for Reconsideration<br><br>(Dkt. No. 37) |

## I. BACKGROUND

The parties are aware of the factual and procedural background of this case. Defendant Centennial Imports, Inc.'s pending Motion for Reconsideration[1] challenges my recent Order Denying Centennial's Motion for Summary Judgment.[2] Centennial contends that in denying summary judgment I failed to consider record evidence that Paige Poole admitted he was not disabled, that his alleged disability was only temporary, and that his alleged disability was transitory and minor. For the reasons set forth below, I deny Centennial's instant motion because, even in light of this evidence, genuine disputes of material fact remain for a jury to resolve.[3]

## II. ANALYSIS

### A. Legal Standard — Reconsideration

Rule 54(b) permits the "entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." If the prior order does not make this determination, the next sentence of Rule 54(b) applies:

---

[1] (Dkt. No. 37.)

[2] (Dkt. No. 36.)

[3] *See* Fed. R. Civ. P. 56(a).

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.[4]

Put more simply, "absent an express entry of final judgment, all orders of a district court are 'subject to reopening at the discretion of the district judge.'"[5] If the Court's prior order did not dispose of all claims as to all parties, it may be "revised at any time before the entry of judgment" under Rule 54(b).

The district court's power to rescind, reconsider, or modify an interlocutory order also exists outside the Federal Rules of Civil Procedure.

> "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute. Nothing in the Rules limits the power of the court to correct mistakes made in its handling of a case so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules."[6]

The district court's discretion to reopen or reconsider an order is governed by the law-of-the-case doctrine. The purpose of that doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."[7] "Law-of-the-case principles . . . are a matter of practice that rests on good sense and the desire to protect both court and the parties against the burdens of repeated arguments by indefatigable diehards."[8] "[T]the law of the case doctrine is subject to three exceptions that may arise when (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced

---

[4] FED. R. CIV. P. 54(b).

[5] *W. Birkenfeld Trust v. Bailey*, 837 F. Supp. 1083, 1085 (E.D. Wash. 1983) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)).

[6] *Id.* (quoting *U.S. v. Jerry*, 487 F.2d 600, 604 (3rd Cir. 1973)).

[7] CHARLES ALAN WRIGHT ET AL., 18B FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2013).

[8] *Id.*

at a subsequent trial."[9] Despite its seemingly limited wording, the third exception applies at any point in the pre-trial or trial proceedings when "new evidence has surfaced."[10] A court's failure to properly apply these exceptions may constitute an abuse of discretion.[11]

### B. Alleged Admission of Non-Disability

Centennial correctly points out that it cited to record materials that I did not consider in denying its motion for summary judgment; those materials were not cited in the argument section but rather in the facts section of that motion. In particular, Centennial points to (1) Poole's indication in his ADA Questionnaire that he had "no limitations" following his 2011 surgery; (2) Poole's admissions that he starting looking for work in car sales, and worked at least once as an Elvis impersonator, about one month after the surgery; (3) Poole's admission that he would have returned to work at Centennial after that surgery with no limitations after six weeks; (4) Poole's admission that he was able to traverse the stairs leading to his second story condominium, albeit with considerable difficulty and fatigue, within three weeks of the surgery; and (5) Poole's statement that he was "always doing something" after the 2011 surgery.[12]

These statements and admissions by Poole, however, do not necessarily amount to a firm admission that he was not disabled. In light of Poole's deposition testimony explaining his conduct and statements and the deposition testimony of his physician (Dr. Richard R. Briggs)—in which Briggs stated that Poole will never be able to squat or kneel like a regular person—whether Poole is disabled under the Americans with Disabilities Act ("ADA") is a question of fact for the jury.[13]

---

[9] *Reed v. Town of Gilbert, Ariz.*, 707 F.3d 1057, 1067 n.9 (9th Cir. 2013).

[10] *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1094 n.2 (9th Cir. 2005) (internal quotation marks and citation omitted).

[11] *See Bailey*, 837 F. Supp. at 1085.

[12] (Mot. Reconsid. 6–7.)

[13] (*See* Poole Depo. 36:16–17, 39:11–13, 46:20–25, 85:16–86:9, 117:17–24, 118:5–24, 120:10–25, 189:6–12, 192:8–19; Briggs Depo. 59:8–60:23.)

### C. "Regarded as" Disabled

Centennial argues that Poole's physical limitations were transitory and minor, based on (1) Poole's statement at the time he informed Centennial of his pending surgery that he would return to work within a week; and (2) Poole's admission that he was able to work with no restrictions within six weeks of the 2011 surgery.[14] In my prior order, I addressed the first of these points.[15]

As to the second point, Centennial fails to note the context in which Poole made this statement. Poole testified in deposition that he could have returned in "no more than six weeks" if there was "no light duty, no nothing," indicating that he could have returned with some form of limited duties.[16] Importantly, Poole did not testify that he could have returned with no restrictions whatsoever. There remains a question of fact as to whether, objectively viewed, Centennial regarded Poole as disabled and whether Poole's alleged disability was transitory and minor. Those are questions for the jury to resolve.

## III. CONCLUSION

In accord with the above, Centennial's Motion for Reconsideration (Dkt. No. 37) is DENIED.

DATED this 20th day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[14] (Mot. Reconsid. 13.)

[15] (Order Denying Def.'s Mot. Summ. J. 9:5–11.)

[16] (Poole Depo. 172:11–19.)